United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11300
Summary Calendar

_____

GUADALUPE F. LOPEZ,

Plaintiff-Appellant,

versus

MEL MARTINEZ, SECRETARY, DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1218
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The appellant Guadalupe Lopez appeals the district court's

judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b)(6)

in favor of the appellees at the conclusion of the plaintiff's

case. Since the appellant failed to provide the facts for a

prima facie case for any of his claims at the close of his case-

in-chief, we AFFIRM the district court's judgment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Lopez, appearing *pro se*, filed several employment discrimination claims against the Department of Housing and Urban Development. He claims the Department failed to promote him, because of his age, his national origin, and as a result of retaliation. Lopez also claims he was subjected to a hostile working environment.

He alleges he was not selected for a permanent federal position, because he is Hispanic, though he was later selected to fill that position on a temporary basis. He also alleges he was terminated from that temporary position in retaliation for filing a EEOC complaint regarding his nonselection for the permanent position. At the close of the plaintiff's case-in-chief, the government moved to dismiss his case pursuant to Fed. R. Civ. P. 50(b)(6). After a hearing on the motion, the district court granted the government's motion for judgment as a matter of law on all claims, because Lopez failed to present facts constituting a prima facie case for any of his claims.

We review a grant of judgment as a matter of law pursuant to Rule 50(b) *de novo*, applying the same legal standard as the district court. Flowers v. S. Reg'l Physician Servs. Inc., 247 F.3d 229, 235 (5th Cir. 2001).

We agree with the district court that the appellant failed to provide sufficient evidence with regard to certain necessary elements of his prima facie case for all of his claims. A prima

facie case is established once the plaintiff has proved that he (1) is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999).

For his claim of national origin discrimination in hiring, he has failed to prove that the positions were provided to members outside of his protected class. There was evidence that two qualified Hispanics, while not initially selected in a preliminary round, were eventually offered the positions.

For his claim of national origin discrimination in wrongful discharge, he has equally failed to show that he was replaced by someone outside of his protected class.

Lopez did not provide any evidence regarding his age discrimination claim and there was no evidence that he first exhausted administrative remedies in relation to this particular claim. See Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000).

For his hostile work environment claim, the evidence does not support a subjective perception of severe or pervasive harassment that an objectively reasonable person would find as hostile and abusive. See Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir. 2005). The alleged incidents were isolated

and were not "physically threatening or humiliating" and the conduct did not "unreasonably interfere[] with [his] work performance." Id.

Finally, for his retaliation claim, he failed to produce evidence that a "casual link existed between the protected activity and the adverse action." Id. at 610. As the district court noted, the evidence was inadequate to support such a link. He was terminated one year after he filed the complaint, and his temporary position was renewed four months after the complaint. Some evidence indicated that the supervisors who terminated Lopez were not aware of his complaint. Lopez presented no evidence establishing the superior's knowledge. See Watts v. Kroger, 170 F.3d 505, 512 (5th Cir. 1999)

Therefore, the district court's judgment is AFFIRMED.